```
BARRY W. FERNS, Bar No. 76381
FERNS, ADAMS & ASSOCIATES
a Professional Corporation
2815 Mitchell Drive, Suite 210
Walnut Creek, CA 94598
(925) 927-3401
bferns@fernslaw.com

Attorneys for Plaintiff
SELECT FUNDING, LLC
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 20-50412 |
| HAI VU aka HAI MYLONG VU, MAKARA VU, | ADV No. _____ |
| Debtors. | Chapter 11 case |
| _____/ | COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR ENTRY OF JUDGMENT FOR MONEY |
| SELECT FUNDING, LLC, | |
| Plaintiff | |
| vs. | [11 U.S.C. §§ 523(a)(2)(A) and (B), 523(a)(3), 523(a)(4), 523(a)(6)] |
| HAI VU aka HAI MYLONG VU, MAKARA VU | |
| Defendants | |
| _____/ | |

Plaintiff SELECT FUNDING, LLC respectfully represents and complains as follows:

**PRELIMINARY ALLEGATIONS**

1. This Court has jurisdiction over this matter and proceedings pursuant to 28 U.S.C. §§ 157(a), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. § 523(a).

1

COMPLAINT

2. Pursuant to Bankruptcy Rule 7008, Plaintiff SELECT FUNDING, LLC (hereinafter "Plaintiff") declares that this action is a core proceeding brought under and pursuant to the authority contained in 28 U.S.C. §§ 157(B)(2)(I) and (J), and further, requests the above-entitled Court to make a final order or judgment in the proceeding.

3. Venue is properly laid in the Northern District of California by the authority contained in 28 U.S.C. §§ 1408 and 1409(a).

4. Plaintiff is, and at all times herein mentioned was, a California Limited Liability Corporation, and is a creditor and party-in-interest in this matter and proceeding, which is located at: Select Funding, LLC, 26775 Malibu Hills Rd., 2nd Floor Calabasas, CA 91301.

5. Based upon information and belief, Defendants HAI VU aka HAI MYLONG VU (hereinafter "HAI VU") and MAKARA VU, resides at: 18690 Withey Rd, Monte Sereno, CA 95030 and are husband and wife, and who filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 1, 2020, and an Order for Relief has been entered.

6. This Court has set June 8, 2020, as the last date for filing a Complaint to Determine the Dischargeability of any debt pursuant to 11 U.S.C. §523(a).

7. Based upon information and belief, Defendants HAI VU and MAKARA VU are the sole shareholders and officers of KITTIEZ, INCORPORATED aka KITTIEZ INC. dba KITTIEZ HAIRCUTS FOR MEN (hereinafter "KITTIEZ")

January 16, 2020 Contract:

8. On or about January 16, 2020, Plaintiff entered into an Agreement, in writing, wherein Plaintiff agreed to purchase Future Receivables from KITTIEZ, and KITTIEZ agreed to sell to Plaintiff, in consideration of the Purchase Price of $90,000.00, with Plaintiff's interest to be 10.00% per annum of its Future Receivables and the receipts in connection therewith generated by KITTIEZ through cash, checks, electronic transfers, credit card transactions or other forms of monetary payments (hereinafter "Future Receivables"), until the sum of $123,300.00 of Future Receivables has been collected by Plaintiff according to the additional terms and conditions set forth in the Contract. A true copy of the Agreement is attached hereto, marked Exhibit "1" and incorporated herein by reference.

9. The Agreement provides, in part, that KITTIEZ agrees to deposit all Future Receivables into a bank account approved by Plaintiff (hereinafter "Account") and allow Plaintiff to and its agents to initiate Automated Clearing House ("ACH") payments as defined in the Agreement, Exhibit "1", which sums will go towards the purchase of said Future Receivables. The Account that Plaintiff approved was KITTIEZ's Wells Fargo Bank account, ending in the numbers "7482".

10. On or about January 16, 2020, Defendant HAI MYLONG VU, for consideration, executed a Guaranty wherein he guaranteed payment by KITTIEZ, of all sums to be paid under the terms of aforementioned Agreement, Exhibit "1" herein, together with costs and attorneys fees incurred in the collection thereof and the

3

COMPLAINT

enforcement of the Guaranty. A true copy of the Hai Vu Guaranty is attached hereto, marked Exhibit "2" and is incorporated herein by reference.

11. On or about January 16, 2020, Defendant MAKARA VU, for consideration, executed a Guaranty wherein she guaranteed payment by KITTIEZ of all sums to be paid under the terms of aforementioned Agreement, Exhibit "1" herein, together with costs and attorneys fees incurred in the collection thereof and the enforcement of the Guaranty. A true copy of the Makara Vu Guaranty is attached hereto, marked Exhibit "2" and is incorporated herein by reference.

12. In order to secure said Agreement, Exhibit "1", KITTIEZ granted to Plaintiff a security interest in the aforementioned Future Receivables, which include:

> "all accounts, chattel paper, documents, equipment, general intangibles, instruments and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code"

(hereinafter referred to as "personal property"), more particularly described in said Security Agreement. A true and correct copy of the Security Agreement is attached hereto marked Exhibit "2" and incorporated herein by this reference.

13. Subsequently, Plaintiff filed a Uniform Commercial Code Financing Statement with the office of the California Secretary of State. A true and correct copy of the Uniform Commercial Code Financing Statement is attached hereto as Exhibit "3" and is incorporated herein by said reference.

///

4

COMPLAINT

14. On or about January 16, 2020, KITTIEZ, for consideration, executed an Authorization Agreement for ACH Payments wherein the Defendants agreed to allow Plaintiff, among other things, to initiate debit or credit entries and debit from the Defendant's Account at the Wells Fargo Bank, the amount set forth in the Agreement, Exhibit "1" herein. A true and correct copy of the Authorization Agreement for ACH Payments is attached hereto as Exhibit "4" and is incorporated herein by said reference.

15. On or about January 16, 2020, KITTIEZ, for consideration, executed an Optional Variable Purchase Program document which stated, among other things, that the Defendant will initiate Weekday ACH payments from the Account in the Specified Daily Amount of $622.73, subject to periodic adjustment as set forth in the document. A true and correct copy of the Optional Variable Purchases Program document is attached hereto as Exhibit "5" and is incorporated herein by reference.

16. On or about January 16, 2020, KITTIEZ, for consideration, executed a Weekly Payment Addendum wherein KITTIEZ agreed to allow Plaintiff, among other things, to debit on a weekly basis, the KITTIEZ's Wells Fargo Bank Account. A true and correct copy of the Weekly Payment Addendum is attached hereto as Exhibit "6" and is incorporated herein by said reference.

17. On or about January 16, 2020, Defendants HAI VU and MAKARA VU, and each of them, electronically signed Exhibits "1", "2", "4", "5". A true and correct coy of the DocuSign Certificate of Completion is attached hereto as Exhibit "7"' and is incorporated herein by reference.

///

18. On January 17, 2020, Plaintiff wired into KITTIEZ's Wells Fargo Bank Account the sum of $87,750.00.

19. Plaintiff is informed and believes, that on January 17, 2020, just after Plaintiff deposited the $87,750.00, KITTIEZ, and Defendants HAI VU, MAKARA VU, transferred the sums of $17,000.00 and $87,897.46 out of their Wells Fargo Bank Account into a separate account, ending in number 4608.

20. Plaintiff is informed and believes, that on January 22, 2020 (just one full business day after Plaintiff deposited the $87,897.46 into the Account), KITTIEZ and Defendants HAI VU and MAKARA VU, and each of them, completed transfers from their Wells Fargo Account such that it had a Zero balance. A true and correct copy of the Wells Fargo Bank Account print out showing transactions from January 14, 2020 through January 22, 2020, is attached hereto as Exhibit "8" and is incorporated herein by reference.

21. Plaintiff has performed all of the conditions, covenants, and agreements on it's part to be performed in accordance with the terms of the Agreement, Exhibit "1" herein.

22. On or about January 17, 2020, KITTIEZ, defaulted under the terms of the Agreement by interfering with Plaintiff's right to collect the above described Future Receivables being paid to KITTIEZ.

23. Plaintiff has been damaged in the sum of $123,300.00 due to KITTIEZ's default and Defendants HAI VU and MAKARA VU's failure to pay under the terms of their Guarantees, Exhibit "2" herein.

24. Plaintiff has made demand on KITTIEZ and Defendants HAI VU and MAKARA VU, and each of them, for payment of the total sum of $123,300.00, but neither the whole nor any part of such sum has

been paid, and there is now due and owing from KITTIEZ and, fut for the filing of the within bankruptcy, Defendants HAI VU and MAKARA VU to Plaintiff the sum of $123,300.00, together with interest thereon at the rate of 10.00% per annum from January 17, 2020 to the date of entry of judgment.

25. The Agreement, Exhibit "1", provides that KITTIEZ, will pay all costs and expenses, including reasonable attorneys' fees incurred by Plaintiff in exercising any of its rights or remedies under the Agreement.

State court litigation:

26. On February 20, 2020, Plaintiff filed a Complaint against KITTIEZ and Defendants HAI VU and MAKARA VU, and each of them, in the Santa Clara Superior Court, cased number: 20STCV07030, alleging causes of action for:

    1. Breach of Contract

    2. Money Had and Received

    3. Breach of Guaranty (Hai)

    4. Breach of Guaranty (Makara)

    5. Fraud

    6. Conversion.

27. Although KITTIEZ has been served with the Summons and Complaint, the lawsuit is stayed as against Defendants HAI VU and MAKARA VU due to the filing of the within bankruptcy.

///
///
///
///

**FIRST COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR FRAUD PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

28. Plaintiff hereby incorporates and realleges each and every allegation contained in the Preliminary Allegations, incorporating the same herein by reference.

29. On or about January 16, 2020, Defendants HAI VU and MAKARA VU, and each of them, were operating the businesses known as KITTIEZ HAIRCUTS FOR MEN and KITTIEZ ACADEMY INC. dba Kz Academy, which they own and are officers in.

30. On or about January 16, 2020, KITTIEZ and Defendants HAI VU and MAKARA VU, and each of them, applied to Plaintiff, asking Plaintiff to purchase Future Receivables of KITTIEZ, for the sum of $90.00.00. As part of that request, Plaintiff was to wire KITTIEZ the sum of $90,000.00 less a 2 ½% fee (for a total of $87,750), which it did on January 17, 2020.

31. As part of the Agreement, Exhibit "1" and other documents, Exhibits "2", "3", "4", "5" and "6", the manner in which Plaintiff was to be paid for the purchase of the Future Receivables, was for Weekly ACH payments from the Wells Fargo Bank Account, which the KITTIEZ and Defendants HAI VU and MAKARA VU were using as part of their business. Therefore, as they received monies, either in cash, credit card, or other medium, into said Account, Plaintiff would receive it's Weekly ACH payments.

32. As an additional part of the Agreement, Exhibit "1", the KITTIEZ and Defendants HAI VU and MAKARA VU, agreed that Plaintiff would have the exclusive use of the Wells Fargo Bank Account and would not close said Account or cease its use as the sole account into which to deposit all Future Receivables prior to the time that

Plaintiff received the entire Purchased Amount, nor could the Defendants close said Account without prior written consent of Plaintiff. (See Section 2.1(b) of the Agreement, Exhibit "1" herein).

33. On or about February 16, 2020, Plaintiff called Defendant HAI VU and verified various parts of the Agreement, Exhibit "1", including asking about any experience that he had with this type of purchase agreement, which he stated that he "had none."

34. In reliance on KITTIEZ and Defendants HAI VU and MAKARA VU promise to maintain said Wells Fargo Bank Account, to allow payment of the Future Receivables and Plaintiff's January 17, 2020 phone call with Defendant HAI VU, on January 17, 2020, Plaintiff wired into KITTIEZ, Wells Fargo Bank Account the sum of $87,750.00.

35. Plaintiff is informed and believes, that on January 17, 2020, just after Plaintiff deposited the $87,750.00, KITTIEZ and Defendants HAI VU and MAKARA VU transferred the sums of $17,000.00 and $87,897.46 out of the Wells Fargo Bank Account into a separate account, ending in number 4608.

36. Plaintiff has reviewed the Defendants' schedules filed with this Court. On or about March 12, 2020, the Defendants filed their Statement of Financial Affairs stating that on or about January 24, 2020, the Defendants paid their Bankruptcy Attorney $10,000.00. This was one week after the Defendants transferred the sums of $17,000.00 and $87,897.46 out of the Wells Fargo Bank Account into a into a separate account, ending in number 4608.

///
///
///

9

COMPLAINT

37. Plaintiff is informed and believe, based upon the:
   a. January 17, 2020 $17,000.00 and $87,897.46 transfers of funds out of the Wells Fargo Bank Account into a non Wells Fargo Bank account,
   b. The termination of said Account as the Defendants sole Account into which it deposited Future Receivables, and
   c. Effectively closing said account, by having a zero balance, just one business day after Plaintiff wired the $87,750.00, and
   d. The $10,000.00 payment to the Defendants' bankruptcy attorney one week after transferring the monies from the Wells Fargo Account into a separate account, ending in number 4608.

that the Defendants HAI VU and MAKARA VU intended not to pay Plaintiff for the purchase of said Future Receivables.

38. Plaintiff is informed and believe that the KITTIEZ and Defendants HAI VU and MAKARA VU, had existing experiences with contracting with other companies for the purchase of Future Receivables, such as with "ON DECK CAPITAL and "KABBAGE LOAN".

39. Plaintiff is informed and believe that the KITTIEZ and Defendants HAI VU and MAKARA VU, presented Plaintiff with a Wells Fargo Bank Account statement for the month of December 2019 which:
   (a) Contained false information, such as the Average ledger balance being $34,269.98 when, in fact, in a Wells Fargo Bank Account Statement provided to National Funding, the Average ledger balance was listed as $3,406.92, which is approximately 1/10 of the Average ledger balance for December 2019;

10

COMPLAINT

(b) Omitted weekly debits of $3,435.10 by OnDeck Capital;

(c) Omitted a $30,000.00 deposit by Kabbage Loan.

40. Had Plaintiff known of the true facts, and as set forth below, it would never have entered into the Agreement, Exhibit "1" or Guaranty, Exhibit "2":

    (a) the Defendants HAI VU and MAKARA VU true intention not to pay for the purchase of said Future Receivables under the terms and conditions of Exhibits "1", "2", "3", "4", "5" and "6",

    (b) the KITTIEZ and Defendants HAI VU and MAKARA VU immediately transferring the $17,000.00 and $87,897.46 our of the Account,

    (c) the Defendants HAI VU and MAKARA VU ending the Account as KITTIEZ's sole account into which it deposited Future Receivables and effectively closings said Account just one business day after receiving the $87,750.00 wire from Plaintiff;

    (d) The Defendants HAI VU and MAKARA VU submitting a "doctored" Bank Account;

    (e) The weekly debit of $3,4235.10 by OnDeck Capital (thereby not only masking a large debt owed to OnDeck Capital but hiding a massive weekly debt obligation that masked KITTIEZ and the Defendants HAI VU and MAKARA VU true financial status); and

    (f) The massive debt of $30,000.00 owed to Kabbage Loan, all of which were done with the intent to deceive and Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

41. As a proximate result of KITTIEZ and Defendants HAI VU and MAKARA VU, fraud and deceit and the facts herein alleged, Plaintiff has been damaged in the sum of $123,300.00 together with accrued interest thereon at the rate of 10.0% per annum from January 17, 2020.

42. Plaintiff alleges that the obligation due and owing to Plaintiff by Defendants HAI VU and MAKARA VU pursuant to said Agreement and Guarantees, Exhibits "1" and "2", is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**SECOND COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR FRAUD PURSUANT TO 11 U.S.C. § 523(a)(2)(B)**

43. Plaintiff hereby incorporates and realleges each and every allegation contained in the First Count, incorporating the same herein by reference.

44. Such extension of credit was obtained by use of a statement in writing, that being the Wells Fargo Bank statement for the month of December 2019, respecting KITTIEZ's financial condition which Defendants HAI VU and MAKARA VU delivered to Plaintiff with the intent to deceive. That statement in writing was materially false in that it:

(a) Contained false information, such as the Average ledger balance being $34,269.98 when, in fact, in a Wells Fargo Bank Account Statement provided to National Funding, the Average ledger balance was listed as $3,406.92, which is approximately 1/10 of the Average ledger balance for December 2019;

(b) Omitted weekly debits of $3,435.10 by OnDeck Capital;

(c) Omitted a $30,000.00 deposit by Kabbage Loan.

12

COMPLAINT

Plaintiff reasonably relied on the aforementioned statement in extending credit.

45. Had Plaintiff known of the true facts, and as set forth below, it would never have entered into the Agreement, Exhibit "1" or Guarantees, Exhibit "2":

(a) the Defendants HAI VU and MAKARA VU true intention not to pay for the purchase of said Future Receivables under the terms and conditions of Exhibits "1", "2", "3", "4", "5" and "6",

(b) the KITTIEZ and Defendants HAI VU and MAKARA VU immediately transferring the $17,000.00 and $87,897.46 our of the Account,

(c) the Defendants HAI VU and MAKARA VU ending the Account as KITTIEZ's sole account into which it deposited Future Receivables and effectively closings said Account just one business day after receiving the $87,750.00 wire from Plaintiff;

(d) The Defendants HAI VU and MAKARA VU submitting a "doctored" Bank Account;

(e) The weekly debit of $3,4235.10 by OnDeck Capital (thereby not only masking a large debt owed to OnDeck Capital but hiding a massive weekly debt obligation that masked KITTIEZ and the Defendants HAI VU and MAKARA VU true financial status); and

(f) The massive debt of $30,000.00 owed to Kabbage Loan, all of which were done with the intent to deceive and Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

13

46. That by reason of the acts of Defendants HAI VU and MAKARA VU as herein above alleged, Defendants had obtained credit from Plaintiff by false pretenses, false representations, and actual fraud, and the entire debt owing from Defendants to Plaintiff should therefore be excepted from Defendants discharge.

47. There is now due, owing and unpaid to Plaintiff from Defendants HAI VU and MAKARA VU the sum of $123,300.00, plus interest thereon, at the rate of 10.00% per annum from January 17, 2020, on those sums which it has identified as being obtained by fraud. Plaintiff will seek additional sums from Defendants which were obtained by fraud, once those sums have been identified in this case.

48. Plaintiff alleges that the obligation due and owing to Plaintiff by Defendants HAI VU and MAKARA VU pursuant to said Agreement and Guarantees, Exhibits "1" and "2", is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

**THIRD COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR EMBEZZLEMENT PURSUANT TO 11 U.S.C. § 523(a)(4)**

49. Plaintiff hereby incorporates and realleges each and every allegation contained in the First and Second Counts, incorporating the same herein by reference.

50. In and about January 2020, Defendants HAI VU and MAKARA VU pursuant were acting in a fiduciary capacity to Plaintiff as they controlled the banking activities of their wholly owned business, KITTIEZ.

51. In and about January 26, 2020, Defendants HAI VU and MAKARA VU pursuant obtained $90,000.00, by wire, for their wholly

14

owned business, KITTIEZ, from Plaintiff, which sums were appropriated for their own benefit by fraudulent intent or deceit. Further, Defendants HAI VU and MAKARA VU transferred said funds into their own personal account, only accessible by Defendants HAI VU and MAKARA VU without explanation of reason or purpose and without authority to do so.

52. By reason of the acts of Defendants HAI VU and MAKARA VU, as herein above alleged, they obtained money from Plaintiff by means of embezzlement, and the entire debt owing from Defendants HAI VU and MAKARA VU pursuant to Plaintiffs should therefore be excepted from his discharge.

53. There is now due, owing and unpaid to Plaintiff from Defendants HAI VU and MAKARA VU the sum of $123,300.00, plus interest thereon, at the rate of 10.00% per annum from January 17, 2020, on those sums which it has identified as being obtained by fraud. Plaintiff will seek additional sums from Defendants which were obtained by fraud, once those sums have been identified in this case.

54. Plaintiff alleges that the obligation due and owing to Plaintiff by Defendants HAI VU and MAKARA VU pursuant to said Agreement and Guarantees, Exhibits "1" and "2", is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

**FOURTH COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT TO 11 U.S.C. § 523(a)(4)**

55. Plaintiff hereby incorporates and realleges each and every allegation contained in the First, Second and Third Counts, incorporating the same herein by reference.

15

COMPLAINT

Case: 20-50412   Doc# 62   Filed: 06/08/20   Entered: 06/08/20 20:18:47   Page 15 of 18

36. According to the Defendant's Schedules the Defendants owned, had an interest in and\or were a principal in Kittiez, Inc.

37. After Kittiez, Inc. became insolvent, the Defendants abandoned the business and took possession of all of Kittiez, Inc.'s assets. In the alternative the Defendants allowed third parties take possession of all of Kittiez, Inc.'s assets.

38. Under California's Trust Fund Doctrine, the Defendants owes a fiduciary duty to the creditors of Kittiez, Inc. once the business was insolvent.

39. Plaintiff is informed and believes that the Defendants breached their fiduciary duty to Plaintiff by allowing anyone, including themselves, to remove any of the assets of Kittiez, Inc, once the business was insolvent.

**FIFTH COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR WILFUL AND MALICIOUS CONVERSION PURSUANT TO 11 U.S.C. § 523(a)(6)**

56. Plaintiff hereby incorporates and realleges each and every allegation contained in the First, Second, Third and Fourth Counts, incorporating the same herein by reference.

57. Plaintiff is informed and believes and thereon alleges that the Defendants HAI VU and MAKARA VU have willfully and maliciously converted the personal property ($90,000.00 wire transfer) by:

a. Retaining possession of and exercising dominion and control (to the exclusion of Plaintiff) over said personal property after Plaintiff made its demand to turn over possession of the personal property;

b. Transferring possession of said personal property to a

16

COMPLAINT

Case: 20-50412    Doc# 62    Filed: 06/08/20    Entered: 06/08/20 20:18:47    Page 16 of 18

party or parties, unknown to Plaintiff, without authority or permission of Plaintiff; and

    c.   Preventing Plaintiff, prior to filing this Bankruptcy, from taking possession of said personal property and attempting to secret said property, to the detriment of Plaintiff.

58. As a direct and proximate result of the foregoing, Plaintiff has been damaged to the extent of the $90,000.00, and lost profits, from the date of conversion.

59. Plaintiff alleges that the obligation due and owing to Plaintiff by Defendants HAI VU and MAKARA VU, in the sum of $123,300.00, plus interest thereon, at the rate of 10.00% per annum from January 17, 2020, pursuant to the Defendant willful and Malicious conversion of the personal property, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

**SIXTH COUNT AGAINST DEFENDANTS HAI VU aka HAI MYLONG VU; MAKARA VU FOR NON DISCHAGEABITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(3)**

60. Plaintiff hereby incorporates and realleges each and every allegation contained in the First, Second, Third, Fourth, and Fifth Counts, incorporating the same herein by reference.

61. Plaintiff is informed and believes that the January 16, 2020 Agreement and Guarantees, Exhibits "1" and "2" herein, are community property obligations of Defendants HAI VU and MAKARA VU.

62. Plaintiff alleges that the community property obligations due and owing to Plaintiff by Defendants HAI VU and MAKARA VU is non-dischargeable and exempted from discharge pursuant to 11 U.S.C. §§ 523(a)(2((A) and (B), 523(a)(4) and 523(a)(6)

63. Plaintiff alleges that the community property obligation

17

COMPLAINT

due and owing to Plaintiff by Defendants HAI VU and MAKARA VU, is non-dischargeable and exempted from discharge pursuant to 11 U.S.C. § 523(a)(3).

WHEREFORE, Plaintiff prays for judgment as follows:

1. That judgment be entered against Defendants HAI VU; MAKARA VU and in favor of Plaintiff SELECT FUNDING, LLC in the amount of $123,300.00, plus interest thereon at the rate of 10.00% per annum from January 17, 2020;

2. That Defendants HAI VU; MAKARA VU indebtedness to Plaintiff, SELECT FUNDING, LLC, be determined to be non-dischargeable under 11 U.S.C. §523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 524(a)(6) in the above-referenced bankruptcy proceeding;

3. That Plaintiff, SELECT FUNDING, LLC, be awarded reasonable attorneys' fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper, including, but not limited to, the finding of other sums obtained from Plaintiff from Defendants by fraud.

Dated: June 5, 2020　　　FERNS, ADAMS & ASSOCIATES
　　　　　　　　　　　　　A Professional Corporation


　　　　　　　　　　　　　/s/ Barry W. Ferns
　　　　　　　　　　　　　BARRY W. FERNS
　　　　　　　　　　　　　Attorney for Plaintiff,
　　　　　　　　　　　　　SELECT FUNDING, LLC

File 54300